**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: YOUSIF H. HALLOUM, | No. 16-60097 |
| Debtor, | BAP No. 15-1286 |
| _____ | |
| YOUSIF H. HALLOUM; IMAN Y. HALLOUM, | |
| Appellants, | |
| v. | |
| KATZEN & SCHURICHT; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Kirscher, and Faris, Bankruptcy Judges, Presiding

| | |
|---|---|
| In re: YOUSIF H. HALLOUM, | No. 16-60098 |
| Debtor. | BAP No. 15-1401 |
| _____ | |
| YOUSIF H. HALLOUM; | |
| Appellant, | |
| v. | |
| MICHAEL G. KASOLAS, Trustee, | |

Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Kurtz, and Martin, Bankruptcy Judges, Presiding

In re: YOUSIF H. HALLOUM,                    No. 17-60005

Debtor.                                      BAP No. 15-1292

_____              MEMORANDUM*

YOUSIF H. HALLOUM,

Appellant,

v.

KATZEN & SCHURICHT; et al.,

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Kirscher, and Faris, Bankruptcy Judges, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

In Case No. 16-60097, after an unsuccessful result in the Bankruptcy

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel, Chapter 7 debtor Yousif H. Halloum and non-debtor Iman Y. Halloum appeal pro se from the bankruptcy court's order denying their motion to remand or to abstain from exercising jurisdiction over their claims. We have jurisdiction to determine whether we have jurisdiction to hear an appeal, *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1237 (9th Cir. 2006), and we dismiss.

This court lacks jurisdiction to hear this appeal because the bankruptcy court's decisions not to remand and not to abstain are not reviewable. *See* 28 U.S.C. § 1452(b); *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009-10 (9th Cir. 1997) (a decision not to remand falls within the proscriptive language of § 1452(b) and a decision not to abstain from hearing a removed action is treated as a decision not to remand).

In Case No. 16-60098, Yousif H. Halloum appeals pro se from the BAP's judgment affirming the bankruptcy court's order denying his motion for leave to sue the chapter 7 trustee. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion, *Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090, 1094 (9th Cir. 2016), and we affirm.

The bankruptcy court did not abuse its discretion by denying leave to sue the bankruptcy trustee in another forum, because Halloum's claims concern actions taken by the trustee while he was administering Halloum's bankruptcy estate. *See*

*id.* at 1096 (listing factors for the bankruptcy court to consider when deciding whether to grant leave to sue in another forum or retain jurisdiction over the claims; satisfaction of one factor may be a basis for the bankruptcy court to retain jurisdiction).

We reject as unsupported by the record Halloum's contention that he was not required to seek leave from the bankruptcy court.

In Case No. 17-60005, Yousif H. Halloum appeals pro se from the BAP's judgment affirming the bankruptcy court's order dismissing the bankruptcy trustee from Halloum's removed action. We independently review the bankruptcy court's decision without deference to the BAP. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). We affirm.

Halloum argues that the bankruptcy court incorrectly applied *Barton v. Barbour*, 104 U.S. 126 (1881), to dismiss the trustee. Like the BAP, we conclude any error to be harmless, because the bankruptcy court further found that the trustee was entitled to judgment on the merits. In his opening brief, Halloum failed to address how the BAP erred by (1) concluding that the bankruptcy court committed harmless error or (2) affirming dismissal of the trustee on the alternate ground. Thus, Halloum has waived his challenge to the BAP's judgment. *See* Fed. R. Civ. P. 61; *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (court of appeals reviews only issues that are argued specifically and distinctly in party's

opening brief).

We reject as without merit Halloum's contentions that the trustee caused him to violate 11 U.S.C. § 707, and that the BAP failed to make findings.

We do not consider Halloum's contention regarding the bankruptcy court's contempt order because Halloum voluntarily dismissed his appeal of that order.

We do not consider matters not specifically and distinctly raised and argued in the opening briefs, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**APPEAL No. 16-60097 is DISMISSED.**

**APPEAL No. 16-60098 is AFFIRMED.**

**APPEAL No. 17-60005 is AFFIRMED.**